UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN ANDERSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Case No. 1:18-cv-617 (TNM)

**MEMORANDUM OPINION**

Plaintiff Melvin Anderson, a federal prisoner appearing *pro se*, brought this action to compel the Federal Bureau of Prisons ("BOP" or "the Bureau") to produce various documents under the Freedom of Information Act ("FOIA"). The Bureau has since released responsive records and moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Mot. for Summ. J., ECF No. 15. Anderson has not opposed the motion. For the reasons explained below, the Court finds that the Bureau has shown its compliance with the FOIA and is entitled to judgment as a matter of law.

**I.**

In response to the complaint filed on March 3, 2018, BOP "concedes" that Plaintiff's FOIA request "was received by BOP's Central Office" but "was not entered into BOP's FOIAXpress" tracking system. Def.'s Statement of Undisputed Material Facts ("Facts") ¶ 8, ECF No. 15-2.[1] So on June 19, 2018, BOP began processing Anderson's request, *id*. ¶ 6, which

---

[1] Defendant's facts derive from the Declaration of C. Darnell Stroble, an Assistant General Counsel in BOP's Office of General Counsel, FOIA/Privacy Act Section. Decl. ¶ 1, ECF No. 15-4.

1

sought

> several categories of records: a) Records concerning Incident Report Number 2824067; b) Records concerning his custody classification to include records concerning his increase in custody classification and rationale for his 409 transfer; c) a certificate of completion of a photography class/training course; and d) records concerning a Request for Administrative Remedy that Plaintiff identified as Remedy Appeal No. 877399-A1.

*Id*. ¶ 9; *see* Compl. ¶ 1, ECF No. 1. The Bureau searched files maintained by (1) its Designation and Sentence Computation Center, (2) the National Inmate Appeals Administrator, (3) Hazelton United States Penitentiary in West Virginia (Plaintiff's current location), and (4) the United States Penitentiary in Coleman, Florida (Plaintiff's prior location). *See* Facts ¶¶ 11-18. The Bureau also requested staff at USP Coleman "to search its records and some individual staff members to search their records, either electronic or hard copy[.]" *Id*. ¶ 12. BOP located 57 responsive pages. *Id*. ¶ 19.

The Bureau released nine unredacted pages and 30 redacted pages to Anderson; it withheld 18 pages. Information was withheld under FOIA exemptions 6, 7(C), 7(E) and 7(F), codified in 5 U.S.C. § 552(b). Def.'s Ex. 3, ECF No. 15-3 (Determination Letter).

On August 23, 2018, the Bureau filed the pending motion for summary judgment, supported by the Stroble Declaration and a *Vaughn* Index, ECF No. 15-5.[2] On August 30, 2018, the Court advised Anderson of his obligation to respond to the Bureau's motion and warned of the consequences if he failed to respond by October 4, 2018. *See* Order, ECF No. 16. Anderson

---

[2] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and *Judicial Watch, Inc. v. Food & Drug Admin*., 449 F.3d 141, 146 (D.C. Cir. 2006) ("Possessing both the burden of proof and all the evidence, the agency has the difficult obligation to justify its actions without compromising its original withholdings by disclosing too much information. The *Vaughn* index provides a way for the defending agency to do just that."); *Mead Data Ctr., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) (holding a *Vaughn* index should provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply").

has neither responded or requested additional time to do so, thereby leaving the Bureau's motion uncontested.

## II.

FOIA requires federal agencies to "disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 365-66 (D.C. Cir. 2008); *see also* 5 U.S.C. § 552(a)(3)(A) (records sought must be "reasonably describe[d]"). In FOIA cases, the district court reviews the record *de novo*, 5 U.S.C. § 552(a)(4)(B), and views the facts and draws all inferences "in the light most favorable to the requester." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The "vast majority" of FOIA cases can be decided on motions for summary judgment. *See Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). When, as here, a motion is uncontested, the Court still must "state on the record the reasons for granting or denying" it. Fed. R. Civ. P. 56(a); *see Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (finding the burden rests with the movant to show why summary judgment is warranted; consequently, the district court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment") (citations and internal quotation marks omitted)). To prevail on summary judgment, the movant must show an absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

In the FOIA context, an agency must prove that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record has either been produced to the requestor or is exempt from disclosure. *See Weisberg v. U.S. Dep't*

3

*of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To establish an adequate search, an agency can submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Although agency declarations are given "a presumption of good faith," *SafeCard Servs. Inc.* v. *S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), they must also describe the agency's search with "specificity." *Reporters Comm. for Freedom of the Press & Assoc. Press v. FBI*, 877 F.3d 399, 403 (D.C. Cir. 2017).

Agencies also have the burden of demonstrating that the withheld document falls into one of the enumerated exemptions. 5 U.S.C. § 552(a)(4)(B); *see also Natural Res. Defense Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). This includes providing a sufficiently detailed description of the exemption, the portion(s) of documents to which it applies, and justification as to why the exemption is relevant, so that the district court can conduct a *de novo* review of the agency's determination. *See Church of Scientology of Cal, Inc. v. Turner*, 662 F.2d 784, 786 (D.C. Cir. 1980); *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C Cir. 1977).

### III.

The D.C. Circuit instructs:

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

4

*ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). The Bureau's declaration and *Vaughn* index satisfy that standard, and Anderson has offered nothing to the contrary. It may well be that Anderson's silence signals his satisfaction with the released documents. In any event, the record justifies granting summary judgment.

First, the Bureau withheld most of the requested information under the FOIA's personal privacy exemptions 6 and 7(C). Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects "records or information compiled for law enforcement purposes," which if disclosed "could reasonably be expected to constitute an unwarranted invasion of personal privacy."[3] 5 U.S.C. § 552(b)(7)(C). Both exemptions require courts to balance the privacy interests in nondisclosure against any asserted public interest in disclosure.

The Bureau properly withheld information about third-party individuals under exemption 6 and, with most documents, in conjunction with exemptions 7(C) and 7(F).[4] *See* Def.'s Mem. at 8-10; *Vaughn* Index (detailing "Rationale for Exemptions"); *cf. U.S. Dep't of State v.*

---

[3] It is without question that the requested records satisfy the threshold law enforcement requirement. *See, e.g., Vaughn* Index at 5-6 (explaining BOP's law enforcement function and how document "compiled as it relates to the terms and conditions of the Plaintiff's incarceration" fits into that function); *id.* at 34, 41, 52 (describing records "collected in the course of an official investigation concerning an incident"). Indeed, most if not all of the documents listed in the *Vaughn* Index are described as (or related to) investigative reports, incident reports, and "Central Inmate Monitoring."

[4] Exemption 7(F) protects from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Its "scope . . . is broadly stated . . . and consequently the government, once it has met Exemption 7's threshold test, will ordinarily be able to satisfy Exemption 7(F)[.]" *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 523 (D.C. Cir. 2015) (citation and internal quotation marks omitted). Because Defendant has properly justified the same withholdings under exemptions 6 and 7(C), the Court need not address exemption 7(F) but finds it properly invoked. *See, e.g., Vaughn* Index at 46, 62 (explaining potential endangerment of third-party inmate "due to security and . . . allegations associated" with the inmate).

*Washington Post Co.*, 456 U.S. 595, 602 (1982) (finding all information that "applies to a particular individual" qualifies for consideration under exemption 6); *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) ("As a result of [e]xemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information.").

"The D.C. Circuit has consistently held that exemption 7(C) protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants, . . . and has determined that such third-party information is 'categorically exempt' from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure." *Lewis v. Dep't of Justice*, 609 F. Supp. 2d 80, 84 (D.D.C. 2009), *aff'd,* No. 09-5225, 2010 WL 1632835 (D.C. Cir. Apr. 7, 2010) (citations omitted). The Supreme Court also has made clear that "[w]here the privacy concerns addressed by [e]xemption 7(C) are present," the burden lies with "the person requesting the information to establish a sufficient reason for the disclosure." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). The same applies "in the case of [e]xemption 6." *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). Because Anderson has filed no opposition, much less one asserting a public interest, nothing precludes granting summary judgment to Defendant on exemptions 6 and 7(C).

Second, Anderson has not challenged BOP's justifications for withholding information under FOIA exemption 7(E), which protects information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or . . . guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The D.C. Circuit has "set a relatively low bar for the agency," requiring it to "only . . . demonstrate logically how the release of the

requested information might create a risk of circumvention of the law." *Blackwell*, 646 F.3d at 42 (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)). The Bureau has done that, *see Vaughn* Index at 41, 52, 62 (discussing Investigative Reports), and so is entitled to summary judgment on exemption 7(E).

Finally, the Court must make a finding about whether the Bureau has released all reasonably segregable non-exempt information. *See Trans-Pacific Policing Agreement v. United States Customs Service,* 177 F.3d 1022, 1028 (D.C. Cir. 1999) (placing an "affirmative duty" on the district court to address record segregability). Plaintiff does not refute that he "was provided . . . any reasonably segregable, non-exempt information contained in [the responsive] documents[.]" Stroble Decl. ¶ 15. And the *Vaughn* Index confirms throughout that the responsive documents were "evaluated for segregability and any exemptions applied were made with a good faith determination that the information withheld fit the FOIA exemption." Index at 9. Accordingly, the Court is satisfied that all reasonably segregable records were produced.

## IV.

For the reasons stated above, the Bureau's motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

Dated: December 13, 2018                                        TREVOR N. MCFADDEN, U.S.D.J.